GUIDRY ET AL. vs. GUIDRY ET AL.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, THE JUDGE OF THE DISTRICT PRESIDING.

In an action of partition and settlement between the heirs and surviving partner of a community, and payment is a principal ground of defence, although the evidence is not conclusive, in consequence of the lapse of time since the transaction, which was among relations whose confidence tends to dispense with the formalities usually attending transactions between strangers, and the judgement is in favor of the defendant, it will not be reversed.

This was an action of partition and settlement by the heirs and legal representatives of the late wife of Joseph Guidry, pére, against the latter, as survivor of the community, claiming from him his deceased wife's half of the estate as her heirs.

Joseph Guidry, pére, answered that he was and always had been ready to settle and account for his wife's half of the community. The heirs also contended that the wife of Joseph Guidry, fils, deceased, was bound to collate a negro man, or half his value, which had been purchased with money advanced by the father to his son, while the community existed. The widow of Joseph Guidry, fils, and deceased son of the defendant, alleged and showed a written bill of sale, that the negro man in contest was purchased by her husband in 1811, for the sum of two hundred dollars, which sum was lent by the defendent to his son, to enable him to make the purchase; but that it had been repaid with interest.

The evidence in the cause went to support this position.

The plaintiffs averred, that if the bill of sale was really executed as it purported, and the purchase of the son made in pursuance, that it amounts to a donation from the father to the son, and ought to be collated.

The widow Guidry, fils, had judgement confirming the negro to her and her children, who are heirs of her late husband. The plaintiffs appealed.

PORTER, J., delivered the opinion of the court.

According to our first impressions after the argument was concluded, there was required for decision of this cause, the solution of a question of frequent occurrence and considerable importance, namely, whether a child who had received a *gift* from his father of community property during marriage, was compelled to collate the one-half of it, when they come to partake, with their brothers and sisters, of their mother's estate, a portion of which was formed of acquests and gains made during her marriage with the donor.

But on a further and more minute examination of the evidence, we find that the decision of the question is not necessary in order to enable us to settle the rights of the parties before us. One of the principal grounds of defence in the court below, was the repayment by the son to the father, of the money at one time advanced by him. The evidence on this head is not so conclusive as could be desired, but considering the length of time since the transaction took place and the death of the party making the repayment, the confidence which existed between persons so nearly connected, and the tendency of that confidence to dispense with the formalities which usually attend transactions between strangers, it is not, perhaps, a matter of surprise that it is not more satisfactory. It convinced the judge below, and upon the rule well established in this court that where the decision of the inferior tribunal turns on a question of fact, and that fact be doubtful,

In an action of partition and settlement between the heirs and surviving partner of a community, and payment is a principal ground of defence, although the evidence is not conclusive in consequence of the lapse of time since the transaction, which was among relations whose confidence tends to dispense with the formalities usually attending transactions between strangers, and the judgement is in favor of the defendant, it will not be reversed.

we will not reverse the judgement.   We think that which was <span>Western Dis.<br>Sept. 1832.</span>
rendered in this case should not be disturbed.

It is, therefore, ordered, adjudged, and decreed, that the
judgement of the court below be affirmed, with costs.

*Simon*, for plaintiffs.

*Crow* and *Bowen*, for defendant and widow Guidry, fils.